JS 44 (Rev. 02/19)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Trustees and Fiduciaries of the Iron Workers District Council (Philadelphia and Vicinity) Benefit and Pension Plans, et al.

**(b)** County of Residence of First Listed Plaintiff _____
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Regina C. Hertzig, Esquire and Ryan R. Sweeney, Esquire
Cleary, Josem & Trigiani, LLP, 325 Chestnut Street, Suite 200
Philadelphia, PA 19106  (215)735-9099

## DEFENDANTS
Barry L. Bowles and BNC Contractors

County of Residence of First Listed Defendant _____
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question *(U.S. Government Not a Party)*
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability / ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability / ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | | **PERSONAL PROPERTY** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle / ☐ 370 Other Fraud | **LABOR** | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability / ☐ 371 Truth in Lending | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 485 Telephone Consumer Protection Act |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury / ☐ 380 Other Personal Property Damage | ☐ 720 Labor/Management Relations | ☐ 862 Black Lung (923) | ☐ 490 Cable/Sat TV |
| ☐ 196 Franchise | ☐ 362 Personal Injury - Medical Malpractice / ☐ 385 Property Damage Product Liability | ☐ 740 Railway Labor Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 850 Securities/Commodities/ Exchange |
| | | ☐ 751 Family and Medical Leave Act | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| | | | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights / Habeas Corpus: | ☒ 791 Employee Retirement Income Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 441 Voting / ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 896 Arbitration |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment / ☐ 510 Motions to Vacate Sentence | | | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations / ☐ 530 General | | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment / ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 950 Constitutionality of State Statutes |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other / Other: ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education / ☐ 550 Civil Rights | ☐ 465 Other Immigration Actions | | |
| | ☐ 555 Prison Condition | | | |
| | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
ERISA 29 U.S.C. Sectin 1132
Brief description of cause:
Action to collect contributions, interest and liquidated damages on delinquent benefit fund contributions

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.
**DEMAND $** _____
CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☐ Yes  ☒ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____  DOCKET NUMBER _____

DATE: 05/12/2020
SIGNATURE OF ATTORNEY OF RECORD: *Regina C. Hertzig*

**FOR OFFICE USE ONLY**
RECEIPT #_____  AMOUNT_____  APPLYING IFP_____  JUDGE_____  MAG. JUDGE_____

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**DESIGNATION FORM**
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: 2 International Plaza, Suite 102, Phila., PA 19113 & 11600 Norcom Road, Phila., PA 19154

Address of Defendant: 43430 East Florida Avenue, Hemet, California 92544

Place of Accident, Incident or Transaction: Philadelphia, Pennsylvania

---

**RELATED CASE, IF ANY:**

Case Number: _____ Judge: _____ Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?   Yes ☐   No ☑

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?   Yes ☐   No ☑

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?   Yes ☐   No ☑

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?   Yes ☐   No ☑

I certify that, to my knowledge, the within case ☐ is / ☐ is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 05/12/2020    *Regina C. Hertzig* (signature)    46917
                     Attorney-at-Law / Pro Se Plaintiff    Attorney I.D. # (if applicable)

---

**CIVIL:** (Place a √ in one category only)

A. **Federal Question Cases:**
☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts
☐ 2. FELA
☐ 3. Jones Act-Personal Injury
☐ 4. Antitrust
☐ 5. Patent
☐ 6. Labor-Management Relations
☐ 7. Civil Rights
☐ 8. Habeas Corpus
☐ 9. Securities Act(s) Cases
☐ 10. Social Security Review Cases
☑ 11. All other Federal Question Cases
     *(Please specify):* ERISA

B. **Diversity Jurisdiction Cases:**
☐ 1. Insurance Contract and Other Contracts
☐ 2. Airplane Personal Injury
☐ 3. Assault, Defamation
☐ 4. Marine Personal Injury
☐ 5. Motor Vehicle Personal Injury
☐ 6. Other Personal Injury *(Please specify):* _____
☐ 7. Products Liability
☐ 8. Products Liability – Asbestos
☐ 9. All other Diversity Cases
     *(Please specify):* _____

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, **Regina C. Hertzig, Esquire**, counsel of record *or* pro se plaintiff, do hereby certify:

☐ Pursuant to Local Civil Rule 53.2, § 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

☑ Relief other than monetary damages is sought.

DATE: 05/12/2020    *Regina C. Hertzig* (signature)    46917
                     Attorney-at-Law / Pro Se Plaintiff    Attorney I.D. # (if applicable)

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

Civ. 609 (5/2018)

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## CASE MANAGEMENT TRACK DESIGNATION FORM

| | |
|---|---|
| Trustees and Fiduciaries of the Iron Workers District Council (Philadelphia and Vicinity) Pension Benefit and Pension Plans, et al . <br> v. <br> Barry L. Bowles and BNC Contractors | CIVIL ACTION <br><br> NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

### SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.   ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.   ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.   ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.   ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)   ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.   (x)

| 05/12/2020 | Regina C. Hertzig, Esquire | Plaintiffs |
|---|---|---|
| **Date** | **Attorney-at-law** | **Attorney for** |
| (215)735-9099 | (215)640-3201 | rhertzig@cjtlaw.org |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TRUSTEES AND FIDUCIARIES of the IRON WORKERS DISTRICT COUNCIL (PHILADELPHIA AND VICINITY)- BENEFIT AND PENSION PLANS; IRON WORKERS DISTRICT COUNCIL (PHILADELPHIA AND VICINITY) PENSION PLAN; IRON WORKERS DISTRICT COUNCIL (PHILADELPHIA AND VICINITY) BENEFIT PLAN<br>2 International Plaza, Suite 102<br>Philadelphia, PA   19113<br><br>and<br><br>TRUSTEES OF THE INTERNATIONAL ASSOCIATION OF BRIDGE, STRUCTURAL, ORNAMENTAL AND REINFORCING IRON WORKERS' LOCAL UNION NO. 401 ANNUITY FUND, APPRENTICE TRAINING FUND, VACATION FUND AND SUPPLEMENTAL WELFARE FUND; INTERNATIONAL ASSOCIATION OF BRIDGE, STRUCTURAL, ORNAMENTAL AND REINFORCING IRON WORKERS' LOCAL UNION NO. 401; INTERNATIONAL ASSOCIATION OF BRIDGE, STRUCTURAL, ORNAMENTAL AND REINFORCING IRON WORKERS' LOCAL UNION NO. 401 ANNUITY FUND; INTERNATIONAL ASSOCIATION OF BRIDGE, STRUCTURAL, ORNAMENTAL AND REINFORCING IRON WORKERS' LOCAL UNION NO. 401 APPRENTICE TRAINING FUND; INTERNATIONAL ASSOCIATION OF BRIDGE, STRUCTURAL, ORNAMENTAL AND REINFORCING IRON WORKERS' LOCAL UNION NO. 401 VACATION FUND; INTERNATIONAL ASSOCIATION OF BRIDGE, STRUCTURAL, ORNAMENTAL AND REINFORCING IRON WORKERS' LOCAL UNION NO. 401 SUPPLEMENTAL WELFARE FUND; | CIVIL ACTION NO. |

PHILADELPHIA STEEL ERECTORS' :
ASSOCIATION INDUSTRY ADVANCEMENT :
FUND; PHILADELPHIA STEEL ERECTORS' :
DRUG AND ALCOHOL TESTING FUND :
11600 Norcom Road :
Philadelphia, PA 19154, :
                        *Plaintiffs*, :
   v. :

BARRY L. BOWLES :
43430 East Florida Ave :
Hemet, California, 92544 :

   and :

BNC CONTRACTORS :
43430 East Florida Ave :
Hemet, California, 92544 :
                        *Defendants*. :

# COMPLAINT

The Trustees and Fiduciaries ("District Council Trustees") for, on behalf of, and along with the Iron Workers District Council (Philadelphia and Vicinity) Pension Fund ("District Council Pension Fund") and Iron Workers District Council (Philadelphia and Vicinity) Benefit Fund ("District Council Health Fund") (collectively, "District Council Funds"); the Trustees and Fiduciaries of the International Association of Bridge, Structural, Ornamental and Reinforcing Iron Workers' Local Union No. 401 Annuity Fund, Apprenticeship Training Fund, Vacation Fund and Supplemental Welfare Fund ("Local 401 Trustees") for, on behalf of, and along with the International Association of Bridge, Structural, Ornamental and Reinforcing Iron Workers' Local Union No. 401 Annuity Fund ("Local 401 Annuity Fund"), International Association of Bridge, Structural, Ornamental, and Reinforcing Iron Workers' Local Union No. 401 Apprentice Training

2

Fund ("Apprentice Training Fund"), International Association of Bridge, Structural, Ornamental and Reinforcing Iron Workers' Local Union No. 401 Vacation Fund ("Vacation Fund"), International Association of Bridge, Structural, Ornamental and Reinforcing Iron Workers' Local Union No. 401 Supplemental Welfare Fund ("Supplemental Welfare Fund"), The Philadelphia Steel Erectors' Association Industry Advancement Fund ("Industry Advancement Fund"), Philadelphia Steel Erectors' Drug and Alcohol Testing Fund ("Drug Testing Fund"), and International Association of Bridge, Structural, Ornamental and Reinforcing Iron Workers' Local Union No. 401 ("Local 401") for their Complaint herein respectfully allege as follows:

## INTRODUCTION

1. This is an action to collect delinquent employee benefit fund contributions from Defendants BNC Contractors, Inc. ("Company") and Barry Bowles ("Bowles") due pursuant to the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. §1001 et. seq. and the Labor Management Relations Act of 1947, as amended (hereinafter "LMRA"), 29 U.S.C. §185.

## JURISDICTION AND VENUE

2. The jurisdiction of this Court is invoked pursuant to Sections 502(a)(3)(B), (d)(1), and (f) and 4301(c) of ERISA, 29 U.S.C. §§1132 (a)(3)(B), (d)(1), and (f), and 1451(c), and Section 301(a) of the LMRA, 29 U.S.C. §185(a).

3. This Court is one of proper venue under ERISA §§502(e)(2), 29 U.S.C. §§1132(e)(2) because the Plaintiffs have offices in the Eastern District of Pennsylvania.

## PARTIES

4. The District Council Funds, the Local 401 Annuity Fund, Apprentice Training Fund, Vacation Fund, and Supplemental Welfare Fund are trust funds established under 29 U.S.C. § 186(c)(5) and "multiemployer plans" and "employee benefit plans" within the meaning of 29 U.S.C. § 1002(37), (1), (2) and (3).

5. The Industry Advancement Fund and Drug Testing Fund are funds established by the Philadelphia Steel Erectors' Association for the purpose of fostering and advancing the interests of steel erectors in Eastern Pennsylvania and the surrounding region.

6. The District Council Trustees are trustees and fiduciaries for the District Council Funds within the meaning of 29 U.S.C. §1002(21). They are authorized to bring this action on behalf the District Council Funds.

7. The Local 401 Trustees are trustees and fiduciaries for the Local 401 Annuity Fund, the Apprenticeship Training Fund, the Vacation Fund, and the Supplemental Welfare Fund (collectively, "Local 401 Funds"). They are authorized to bring this action on behalf of the Local 401 Funds.

8. Plaintiff Local 401 is an unincorporated association commonly referred to as a labor union.

9. The Plaintiffs maintain their principal place of business and are administered from offices listed in the caption, which are located in the Eastern District of Pennsylvania.

10. Defendant Company is an employer in an industry affecting commerce within the meaning of 29 U.S.C. §§152(2), (6) and (7), 1002(5), (11) and (12) which maintains or maintained the business address listed in the caption.

11. Upon information and belief, Defendant Bowles is or was a controlling owner of Defendant Company. Bowles maintains or maintained a business office at the address listed in the caption of the Complaint.

12. Upon information and belief, Defendant Bowles is or was an officer of Defendant Company, with control over the assets of the Defendant Company.

13. At all times relevant hereto, Defendant Company was a party to agreements whereby it agreed:

    a. to make full and timely payments to the District Council Funds, Local 401 Funds, Industry Advancement Fund, Drug Testing Fund; and Local 401;

    b. to make certain contributions and/or payments to the District Council Funds, Local 401 Funds, the Industry Advancement Fund, and the Drug Testing Fund based on the number of hours worked by each such employee;

    c. to produce, upon request by the District Council Funds; Local 401 Funds, the Industry Advancement Fund, or the Drug Testing Fund all books and records deemed necessary to conduct an audit of Company's records concerning its obligations to the District Council Funds, Local 401 Funds, the Industry Advancement Fund, or the Drug Testing Fund; and

    d. to pay interest and liquidated damages and all costs of litigation, including attorneys' fees, expended by the District Council Funds; Local 401 Funds, the Industry Advancement Fund; and/or the Drug Testing Fund to collect any amounts due as a consequence of the Company's failure to comply with its contractual obligations as described in subparagraphs (a), (b), or (c).

A true and correct copy of the relevant agreement is attached hereto as Exhibit A (Local 401 Agreement and Signature Page).

## COUNT I
### *Plaintiffs v. Defendant BNC Contractors, Inc.*

14. The above paragraphs are incorporated herein by reference as though duly set forth at length.

15. Defendant Company failed to pay certain contributions and/or remit amounts deducted from employees' pay to the District Council Funds, Local 401 Funds, the Industry Advancement Fund, the Drug Testing Fund, and Local 401 during the months of February, June, and July of 2018

16. For the period of February, June, and July of 2018, Defendant Company owes the District Council Funds at least $11,723.50 in principal, as well as interest and liquidated damages.

17. For the period of February, June, and July of 2018, Defendant Company owes the Local 401 Funds, the Industry Advancement Fund, the Drug Testing Fund, and Local 401 at least $12,500.34, as well as interest and liquidated damages

18. Defendant Company has failed and refused to pay the amounts owed.

19. Pursuant to Section 502(g)(2)(B), (C) and (D) of ERISA, 29 U.S.C. §1132(g)(2)(B), (C), and (D), Defendant Company owes interest and liquidated damages on principal amounts, and attorneys' fees and costs.

**WHEREFORE,** Plaintiffs ask that the Court:

 (1) Enter judgment in favor of the Plaintiffs and against Defendant Company for principal contributions as follows:

  (a) To the District Council Funds: $11,723.50;

    (b) To the Local 401 Funds, Industry Advancement Fund, Drug Testing Fund, and Local 401: $12,500.34.

(2) Enter judgment in favor of the Plaintiffs and against the Defendant Company for interest on the amounts awarded in paragraph (1) as a rate of 1.5% per month pursuant to the relevant Agreements and 29 U.S.C. §1132(g)(2)(B);

(3) Enter judgment in favor of the Plaintiffs and against the Defendant Company for liquidated damages pursuant to the relevant Agreements and 29 U.S.C. §1132(g)(2)(C);

(4) Enter judgment in favor of the Plaintiffs and against the Defendant Company, jointly and severally, for attorneys' fees and costs pursuant to the relevant Agreements and 29 U.S.C. § 1132(g)(2)(D),

(5) Grant any other further relief the court finds just and proper.

## COUNT II
### *Plaintiffs v. Defendant Barry Bowles*

21. The above paragraphs are incorporated herein by reference as though duly set forth at length.

22. Defendant Bowles is or was responsible for preparing, reviewing, authorizing payment and submitting monthly reports and contributions to the Plaintiffs. In this capacity, Defendant Bowles exercised control over the disposition of money that became a plan asset immediately upon the date Defendant Company's obligation to contribute arose.

23. As set forth in the collective bargaining agreement, "[a]ll sums due the trust fund[s] pursuant to this Collective Bargaining Agreement shall be an asset of, and be vested in, the trust fund when due. The employer signatory hereto shall not have any legal or equitable right, title or interest in contributions to the trust funds when due, and any and all

7

contributions as of the due date shall be considered trust fund assets." (Exhibit A, Article VII, Section 3.C, Section 4.C, Section 8.H).

24. Defendant Bowles exercised discretionary authority and/or discretionary control respecting the management and/or disposition of assets of the Plaintiffs.

25. As a result of exercising control and management over Plaintiffs' assets, Defendant Bowles is a fiduciary under ERISA. 29 U.S.C. §1002(21)(A)(i).

26. Under ERISA, a fiduciary is required to "discharge his duties with respect to a plan solely in the interest of the participants and beneficiaries...for the exclusive purpose of... providing benefits to [them]." 29 U.S.C. §1104(a)(1).

27. As set forth in Count I and throughout this Complaint, Defendant Bowles failed to timely pay monies owed as a condition of collective bargaining agreements when due and owing to the Plaintiffs.

28. By failing to make contributions or payments when due and owing, Defendant Bowles withheld assets of the Plaintiffs.

29. Under ERISA, "any person who is a fiduciary with respect to the plan who breaches any one of the responsibilities, obligations, or duties imposed upon fiduciaries" is personally liable "to make good to such plan any losses to the plan resulting from each such breach, and to restore the plan any profits of such fiduciary which have been made through the use of assets of the plan by the fiduciary..." 29 U.S.C. §1109(a).

30. As such, Defendant Bowles is personally liable for the delinquency discussed in Count I of this complaint.

**WHEREFORE**, Plaintiff District Council Funds asks that the Court:

(1) Enter judgment in favor of the Plaintiffs and against Defendant Bowles, jointly and severally with Defendant Company, for principal contributions as follows:

   (a) To the District Council Funds: $11,723.50;
   (b) To the Local 401 Funds, Industry Advancement Fund, Drug Testing Fund, and Local 401: $12,500.34.

(2) Enter judgment in favor of the Plaintiffs and against Defendant Bowles, jointly and severally with Defendant Company, for interest on the amounts awarded in paragraph (1) as a rate of 1.5% per month pursuant to the relevant Agreements and 29 U.S.C. §1132(g)(2)(B);

(3) Enter judgment in favor of the Plaintiffs and against Defendant Bowles, jointly and severally with Defendant Company, for liquidated damages pursuant to the relevant Agreements and 29 U.S.C. §1132(g)(2)(C);

(4) Enter judgment in favor of the Plaintiffs and against Defendant Bowles, jointly and severally with Defendant Company, for attorneys' fees and costs pursuant to the relevant Agreements and 29 U.S.C. § 1132(g)(2)(D),

(5) Grant any other further relief the court finds just and proper.

Respectfully submitted,

**CLEARY, JOSEM & TRIGIANI LLP**

BY: _____
REGINA C. HERTZIG, ESQUIRE
RYAN R. SWEENEY, ESQUIRE
Constitution Place
325 Chestnut Street, Suite 200
Philadelphia, PA 19106
(215) 735-9099

Dated: May 12, 2020

## VERIFICATION

REGINA C. HERTZIG, ESQUIRE, hereby states that she is the attorney for the Plaintiffs, Trustees and Fiduciaries of the Iron Workers District Council (Philadelphia and Vicinity) Benefit and Pension Plans, et al., in this matter. The undersigned states that the facts set forth in the within Plaintiffs' Complaint are true and correct to the best of her knowledge, information and belief.

This Verification is made subject to the penalties of 18 Pa.C.S.A. §4904, relating to unsworn falsification to authorities.

 

                                          REGINA C. HERTZIG, ESQUIRE
                                          Attorney for Plaintiffs

Date: 05/12/2020